# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 0741 | **DATE** | February 15, 2011 |
| **CASE TITLE** | Wilson Jackie (A-91126) vs. Hardy, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court authorizes the trust fund officer at Plaintiff's place of confinement to deduct $3.08 from Plaintiff's account for payment to the Clerk, and to continue making monthly deductions and payments in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at the Stateville Correctional Center. However, the complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(1) for failure to state a claim upon which relief may be granted. The case is terminated. Plaintiff's motion for appointment of counsel [4] is denied as moot.

■[For further details see text below.]         Docketing to mail notices.

## STATEMENT

Plaintiff, Wilson Jackie, an inmate at the Stateville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff having shown that he is indigent, his motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $3.08. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff in the event of this transfer to any other correctional facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of Plaintiff's complaint.

Plaintiff alleges that on July 23, 2010, he was transported from his cell to the emergency room for a hunger strike physical. Plaintiff was escorted by Officer Harris and Nurses Seybert and Wondrasek. As Plaintiff arrived at the front door of the emergency room, Nurse Seybert asked Plaintiff to slow down. After the physical, Plaintiff was escorted back to his cell. As he neared his cell, Officer Wright asked Plaintiff where he was going; Plaintiff indicated he was going back to his cell. A short while later, Lieutenant Stone came to Plaintiff's cell and asked him what was going on. Plaintiff indicated that he did not know what Stone was referring to. Stone told Plaintiff that he was told to bring Plaintiff to segregation for trying to escape and unauthorized movement. At some point, Nurse Seybert told Stone that Plaintiff was earlier being escorted to the health care unit and that he was walking a little fast, but that he was not running around the unit. Stone took Plaintiff to a segregation unit known as "Frank House."

Plaintiff remained in a holding cell in Frank House for approximately five hours. During this time, he complained to several officers and Counselor Dennis that he was not feeling well and needed to see a nurse. At 9:00 a.m., Plaintiff was informed that someone from the health care unit was coming to address his complaints. At 2:00 p.m., Plaintiff was taken to the health care unit. Upon arriving at the health care unit, Sergeant Kerl ordered that Plaintiff not be allowed in the unit. Plaintiff was taken to a holding cell in the hallway near the health care unit. While

# STATEMENT

in the holding cell, Plaintiff told nurses that were walking by that he had not yet seen a nurse.

At 3:00 p.m., Plaintiff spoke with Warden about what had transpired and Hardy told Plaintiff that he had received three different stories about what had happened. At 3:26 p.m., Plaintiff was taken to a holding cell in the health care unit. Plaintiff was not allowed his personal property in segregation.

On July 24, 2010, Plaintiff received a disciplinary report that had been written by Harris. Harris accused Plaintiff of intimidation or threats and disobeying a direct order. When Officer Wright gave Plaintiff the disciplinary report, Plaintiff asked that he write down a list of witnesses to be called before the Adjustment Committee. Plaintiff requested that Lieutenant Stone and Nurses Seybert and Wondrasek be called as witnesses.

On July 29, 2010, Plaintiff went before the Adjustment Committee. The Adjustment Committee, including Lestor Senor and Landria Dennis, refused to "acknowledge or even call" Plaintiff's witnesses who were identified in the disciplinary report.

On September 7, 2010, Anna Dockery received Plaintiff's grievance. On September 17, 2010, she found Plaintiff guilty even though she did not properly review the disciplinary report or "anything else regarding the matter." Subsequently, Jackie Miller of the Administrative Review Board and Director Taylor denied Plaintiff's grievance.

Plaintiff's complaint brings several claims relating to the disciplinary report and disciplinary hearing resulting from the July 23, 2009, events and his grievance as to the same issue. Plaintiff names Warden Hardy, Lieutenant Wright, Sergeant Kerl, Officer Harris, Nurses Seybert and Wondrasek, Lestor Senor, Landria Dennis, Ada Johnson, Anna Dockery, Jackie Miller, and Gladyse Taylor as Defendants. Construing Plaintiff's allegations in the light most favorable to him, Plaintiff fails to state claim upon which relief can be granted.

Plaintiff names several Defendants (such Warden Hardy) because they did not order that witnesses be required to testify at the disciplinary hearing and others (such as the nurses) for not voluntarily testifying at the disciplinary hearing. These allegations fail to state a claim as the Defendants were not required by the Constitution to voluntarily testify at the disciplinary hearing or to order someone to testify at the disciplinary hearing.

Plaintiff also attacks the legitimacy of the disciplinary report and the denial of being able to call witnesses at the disciplinary hearing. Plaintiff seeks monetary damages for being placed in segregation and a reclassification to A-grade status. An inmate is entitled to due process before he is deprived of a constitutionally protected liberty interest. *See Piggie v. McBride*, 277 F.3d 922, 924 (7th Cir. 2002). However, a prisoner does not have a protected liberty interest in being placed in segregation or being transferred, *Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000), nor in his grade status within the prison, *Thomas v. Ramos*, 130 F.3d 754, 762 n. 8 (7th Cir. 1997). Thus, Plaintiff was not denied a protected liberty interest in being placed in segregation or receiving a grade status as a result of the disciplinary report/hearing. Furthermore, while Plaintiff would have a protected liberty interest if the disciplinary hearing resulted in a change of the duration of his confinement, such as the loss of good time credits, any such claim would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (a state prisoner seeking Section 1983 damages stemming from a prison disciplinary hearing that affected the fact or duration of confinement must first demonstrate that the disciplinary charges have been set aside). Any Defendants' final approval of the disciplinary hearing results also does not constitute a violation of Plaintiff's constitutional rights. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). Thus, Plaintiff has failed to allege a claim (that would not be *Heck*-barred) as to his disciplinary report/hearing.

Plaintiff names those involved in the review of his grievance report as Defendants. However, an inmate does not have a substantive due process right to a grievance procedure. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The only right attached to a grievance process is a procedural one, *i.e.*, an inmate must be allowed to exhaust his administrative remedies in order to pursue his right to access to the courts. *See Antonelli*, 81 F.3d at 1430; *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). Here, Plaintiff only alleges his dissatisfaction with the results of his grievance regarding the disciplinary hearing following the July 23, 2009, incident. Thus, Plaintiff has failed to state a due process claim against those Defendants involved in the grievance process.

Based on the above, Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff's complaint is dismissed without prejudice (in light of any *Heck*-barred claims). This case is closed.